NUMBER 13-99-581-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


RICHARD DEASES
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 23rd District Court


of Wharton County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Chavez



 Richard Deases, appellant, was convicted of two counts of
aggravated sexual assault(1) after pleading nolo contendere without
a plea agreement. This conviction was enhanced by a prior felony
conviction and Deases was sentenced to thirty-five years in
prison. On appeal, he contends the trial court should have
granted his pre-trial motion to suppress two statements including
a confession. We overrule this argument and affirm the
conviction.

 On January 26, 1999, the lead investigator, Detective
Sergeant Ross Gonzales of the Wharton County Sheriff's
Department, met with appellant, a suspect in the aggravated
sexual assault of his niece. According to Gonzales's testimony, he
read appellant his Miranda warnings and appellant invoked his
right to remain silent after about ten minutes, but at no time did
appellant invoke his right to an attorney. Gonzales honored the
invocation by ceasing questioning and placing appellant in a
holding cell where he had access to necessities. Approximately
one-and-a-half hours later, Gonzales approached Deases and read
him his rights, and this time appellant waived his right to remain
silent by giving a written statement. Four days later, on February
1, 1999, after explaining appellant's rights to him again, a second
statement was taken by Sergeant Raymond Jansky at Gonzales's
request in which appellant confessed to committing the crime. 
Both officers testified that at no point did they yell, threaten, make
promises, or coerce appellant.

 Testimony by the appellant differs from that of the officers in
several ways. Appellant's testimony regarding the first interview
is substantially similar to that of Officer Gonzales. However,
appellant stated that during the second interrogation he told
Gonzales he did not want to talk to him, that he only wanted to
talk to "the DA, lawyer, or judge," but Gonzales continued to
interrogate him anyway. He stated the officers insisted he sign
the Miranda waiver and that Sergeant Jansky, who is built
considerably larger than appellant, yelled at him. Appellant claims
he signed the Miranda waiver because he was scared. Appellant
believed the third interrogation to be on the same day as the
others, although the statement indicates that it was on February
1. Appellant filed a motion to suppress the two statements,
arguing the police failed to scrupulously honor his previously
invoked right to remain silent.

 In Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997), the court explained that the appellate court may review de
novo "mixed questions of law and fact" not involving the issue of
credibility, however, appellate courts should afford almost total
deference to trial courts' rulings on "application of law to fact
questions," also known as "mixed questions of law and fact," if
the resolution of those ultimate questions turns on an evaluation
of credibility and demeanor. Id. at 89. The officers and the
appellant provided conflicting testimony. Resolution of this
conflict involves an evaluation of credibility and demeanor because
the trial court would have to decide which testimony deserved
more weight. Maestas v. State, 987 S.W.2d 59, 62 (Tex. Crim.
App. 1999). Therefore, this Court must defer to the trial court's
application of the law to the facts. Guzman, 955 S.W.2d at 89.

 The Fifth Amendment to the United States Constitution
guarantees that "No person . . . shall be compelled in any
criminal case to be a witness against himself[.]" U.S. Const.
amend. V. If a suspect indicates a desire to remain silent, the
interrogation must stop because he has shown that he intends to
exercise his Fifth Amendment right and "any statement taken after
the person invokes his privilege cannot be other than the product
of compulsion, subtle or otherwise." See Miranda v. Arizona, 384
U.S. 436, 473-74 (1966). However, the Supreme Court in
Michigan v. Mosley, 423 U.S. 96 (1975), explained no part of
Miranda should be read to "create a per se proscription of
indefinite duration upon any further questioning by any police
officer on any subject, once the person in custody has indicated
a desire to remain silent." Id. at 102-03. The Mosley Court held
that admissibility of statements obtained after invocation of the
right to silence depends on whether the right to silence was
"scrupulously honored." Id. at 104. The Mosley Court found five
factors important to determine whether a suspect's right to
silence had been violated: (1) whether the suspect was informed
of his right to remain silent prior to the initial questioning; (2)
whether the suspect was informed of his right to remain silent
prior to the subsequent questioning; (3) the length of time
between initial questioning and subsequent questioning; (4)
whether the subsequent questioning focused on a different crime;
and (5) whether police honored the suspect's initial invocation of
the right to remain silent. Id. 

 Whether a resumption of questioning is consistent with
"scrupulously honoring" the right to remain silent depends on the
unique facts and circumstances of each case. See Maestas v.
State, 987 S.W.2d 59, 63 (Tex. Crim. App. 1999). Police testified
that they informed appellant of his rights prior to the initial
questioning as well as prior to each subsequent questioning. 
Accordingly, the first two Mosley factors weigh in favor of
"scrupulously honoring." In addition, police testified that the
interrogation of appellant ceased as soon as he said he wished to
invoke his right to remain silent. Once appellant did begin to
speak to the officers, he did not try to re-invoke his right to remain
silent, to end the interrogation, or to speak with an attorney. 
Thus, the fifth Mosley factor also weighs in favor of "scrupulously
honoring." The questioning focused on the same crime, however,
the principal complaint of appellant centers on the third factor
regarding the amount of time that elapsed between interviews. 
Appellant argues that the one-and-a-half hour break between
when appellant first invoked his right to silence and when he
made a statement is coercive. 

 The third Mosley factor was meant to guard against coercion
and abuses in subsequent questioning. See id. at 63. For
example, in Maestas the court of criminal appeals held the police
scrupulously honored the appellant's right to remain silent where
police resumed questioning nine hours after the appellant's
invocation of the right. Id. at 60-61. The Fifth Circuit Court held
30 minutes to be too short in United States v. Hernandez, 574
F.2d 1362 (5th Cir. 1978), but held the suspect's right to silence
scrupulously honored in Kelly v. Lynaugh, 862 F.2d 1126 (5th Cir.
1988), where police approached the suspect five hours after his
first invocation and approached the suspect again four to six
hours after his second invocation. Appellant argues his case is
similar to Watson v. State, 762 S.W.2d 591 (Tex. Crim. App.
1988), where the court found the appellant's right to silence was
not scrupulously upheld. In Watson, four interrogations took
place on the same day separated by a few hours. Id. at 592-94. 
During the third interrogation, the suspect made a statement that
led officers to evidence which was presented to him in the fourth
interrogation at which time he confessed. Id. However, in
Watson, the officers continued to ask questions after the suspect's
initial invocation of his right to silence. Id. Unlike Watson, the
officers in this case respected appellant's initial invocation of his
right to silence by ceasing questioning. Furthermore, the
statement in this case that was made one-and-a-half hours after
invocation did not provide officers with evidence to use during the
third interrogation against appellant which would elicit the
confession to the crime. We find the present case is more parallel
to Meastas than to Watson. 

 Even if we were to consider the time between interrogations
a problem, the statement containing the confession should not be
suppressed. In Baker v. State, 956 S.W.2d 19, 23 (Tex. Crim.
App. 1997), the court held the Tucker/Elstad rule applies to failure
to scrupulously honor the invocation of Miranda rights. The
Tucker/Elstad rule states that in the absence of actual coercion,
the fruits of a statement taken in violation of Miranda need not be
suppressed under the "fruits of the poisonous tree doctrine." Id. 
Because we defer to the trial court's finding that there was no
coercion during the third interrogation, even if the second
statement should be suppressed for failure to scrupulously honor
appellant's right to silence, the third statement in which he
confessed should not be suppressed.

 We hold the trial court did not abuse its discretion in
denying the motion to suppress and overrule appellant's point
of error. The judgment of the trial court is AFFIRMED. 

 MELCHOR CHAVEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 29th day of June, 2000.

 

1. Tex. Pen. Code Ann. § 22.021 (Vernon 1994).